91 F.3d 157
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lance Amille TOBIAS, Defendant-Appellant.
 No. 94-50367.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 9, 1996.*
Decided June 28, 1996.
 
 1
 Before: O'SCANNLAIN and TROTT, Circuit Judges, and VAN SICKLE, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Lance Tobias was convicted of conspiracy to commit armed bank robbery, armed bank robbery, and use of a firearm during a crime of violence. On appeal, he alleges that the trial court made numerous errors. We find no merit to his claims, and therefore affirm the conviction and sentence.
 
 
 4
 Tobias's rights under the double jeopardy clause were not violated when he was retried following his successful mistrial motion because there is no indication that the government requested the juror's exclusion in order to goad Tobias into asking for a mistrial. See United States v. Lun, 944 F.2d 642, 644 (9th Cir.1991).
 
 
 5
 We cannot review Tobias's claim that the district court erred by not granting his motion to substitute counsel because the motion is not contained in the record. See United States v. Real Prop. Loc. at Incline Village, 47 F.3d 1511, 1516-17 (9th Cir.1995), rev. on other grounds, 116 S.Ct. 1777 (1996). Although Tobias claims that the issue is purely legal and that the record has been fully developed prior to appeal, our inspection shows this not to be the case. Even if Tobias's motion was actually sent to the district court and forwarded to Tobias's attorney, it is impossible for this Court to determine why the lawyer chose not to file it. Any relief Tobias is entitled to can only come from a collateral attack on his conviction.
 
 
 6
 The district court did not abuse its discretion by denying Tobias's motion for a new trial following Anastasia Thomas's disclosure of Tobias's prior bad acts. Tobias opened the door to the disputed testimony by asking Thomas why federal authorities had interviewed her. Her response was not introduced to "prove the character of [Tobias] in order to show action in conformity therewith," Fed.R.Evid. 404(b), rather, she merely responded to Tobias's question. Furthermore, the district court also applied a Rule 403 balancing test, SER 147-48, and concluded that the probative value was not substantially outweighed by any unfair prejudice.
 
 
 7
 The district court did not clearly err in finding that Tobias was a manager or supervisor of the bank robbery. The district court heard testimony that Tobias recruited a member of the robbery team, provided a weapon for the robbery, and instructed the get-away driver how to start the get-away car without a key. This evidence is more than sufficient for the district court to find that Tobias had a managerial or supervisory role in the offense.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Bruce M. Van Sickle, Senior United States District Judge for the District of North Dakota, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3